(February 26, 1954.)

■

In the Matter of the Claim of FREDERICK REIBOLD, Respondent, against META G. DOLL, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a noninsured employer from a decision and award made by the Workmen's Compensation Board to claimant for various periods of total and partial disability. The issues on appeal are: (1) whether appellant was in a trade, business or occupation for pecuniary gain as defined by the Workmen's Compensation Law; and (2) whether she was the employer of claimant at the time the accident happened. Claimant was injured on May 27, 1947, when he fell from a scaffold which had been set up for the purpose of rebuilding a chimney on appellant's house in Hempstead, Long Island. Appellant had purchased the house in March, 1946, and at that time the first-floor apartment was unoccupied. The second floor of the building was tenanted by a married couple who paid a rental of $60 a month. Appellant's daughter was married in April, 1946, and she and her husband soon thereafter occupied the first-floor apartment consisting of two rooms, a kitchen and a bathroom. The second floor consisted of three rooms with cooking facilities, a bathroom and a finished attic. After appellant became the owner of the house she received a rental of $60 a month from the second-floor tenants for about a year, at the end of which time they moved out. A month later appellant rented the same second-floor apartment to another family for the same rental, and they occupied this apartment until some time in May, 1949. It seems clear from the foregoing that there was substantial evidence to sustain the finding of the board that appellant was operating the house in question at least in part for pecuniary gain. That appellant may have considered that the situation would only be temporary is of no moment so far as this issue is concerned. On the other issue as to whether appellant was the employer only an issue of fact was presented. The board resolved whatever conflict there was in the evidence in favor of claimant and it cannot be said as a matter of law that this decision in that respect was erroneous. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.