■ In the Matter of the Claim of CHARLES D. GALLO, Respondent, v. CATHERINE M. SCOFIELD, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a noninsured employer from a decision of the Workmen's Compensation Board which determined that she was conducting a business for pecuniary gain and that there existed between the parties the relationship of employer-employee. The claimant had been employed by the

appellant employer to perform odd jobs on her premises, generally in the nature of a handyman or caretaker. She paid him $1.50 per hour and he had performed work on all of the buildings upon her property. He was injured while helping to move furniture from the garage to the large house used as a residence by the appellant. The appellant employer owned 16 acres of land which she purchased originally as a Summer residence for her family. There was located thereon a large residence, a small cottage and a garage which also had guest quarters. She rented the small cottage and while at the time of the accident it was unoccupied, it had been rented until 19 days before and she had a sign on her premises advertising the cottage for rent, and there was testimony that the garage apartment had been rented on occasions in the past and that the main house had been rented at least once. While the record is somewhat vague and indefinite, we find that there is substantial evidence to sustain the decision of the board which determined that there was an employer-employee relationship and that the employment of the claimant was in connection with the business conducted by the employer for pecuniary gain. (*Matter of Reid* v. *Rose,* 281 App. Div. 1062, affd. 306 N. Y. 880; *Matter of Reibold* v. *Doll,* 283 App. Div. 750; *Matter of Smith* v. *White,* 3 A D 2d 869; *Matter of Spazianto* v. *Bruno,* 7 A D 2d 671.) While the facts herein differ from the majority of the cited cases where the employer conducted a business in which the employee was regularly engaged, the board could find in this fringe case that the employer was using her property not only for a residence but, at least in part, for pecuniary gain and we cannot say, as a matter of law, that the board was in error. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.